# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

TRACY OATS,

    Plaintiff,

v.

HAMILTON COUNTY C.S.E.A., et al.,

    Defendants.

Case No. 1:19-cv-474

Black, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

On June 24, 2019, Plaintiff filed a motion for leave to proceed *in forma pauperis* in the United States District Court. (Doc. 1). Attached to Plaintiff's motion/application is a copy of the proposed complaint. (Doc. 1-1). In that complaint, Plaintiff identifies five Defendants: the Hamilton County C.S.E.A.; Hamilton County Domestic Relations; Kristie L. Davis, Chief Deputy Clerk; Moira Weir, Director; and Magistrate Nicole Sanders.[1]

### I. General Screening Authority

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the complaint is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

---

[1] The undersigned takes judicial notice of the fact that Kristie Davis is the Chief Deputy Clerk of the Hamilton County Juvenile Court, and that Moira Weir is the Director of the Hamilton County Job & Family Services. See, e.g., http://www.juvenile-court.org/juvenilecourt/800_Broadway/800admin.asp and https://www.hcjfs.org/about/leadership/ (accessed on July 8, 2019).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557.

**II. Analysis**

**A. Plaintiff's Assertion of Claims**

Plaintiff bears the burden of proving subject matter jurisdiction.  *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006) (citing *United States ex rel. McKenzie v. BellSouth Telecommunications*, Inc., 123 F.3d 935, 938 (6th Cir. 1997)).  On the form used for his complaint, Plaintiff has checked a box asserting the existence of jurisdiction under 28 U.S.C. §1343(3) (a civil rights lawsuit alleging that Defendants acted under color of State law and deprived Plaintiff of a right secured by federal law or the Constitution).  The civil cover sheet attached to his complaint similarly invokes this Court's "federal question" jurisdiction, citing 42 U.S.C. §1983 as well as a federal criminal conspiracy statute, 18 U.S.C. § 241.

All of Plaintiff's claims clearly arise out of proceedings in state court in which Plaintiff was adjudged liable for child support.  Plaintiff alleges that he was put "in jail for a dept [sic] I didn't create," and that Defendants "took a loan for me in my name."  (Doc.

3

1-2 at 1). Plaintiff accuses the Hamilton County Domestic Relations court of forcing him "to consent to D.N.A. to incriminate myself" and of using "illegal methods" including misspelled names and incorrect addresses. (*Id.* at 3). He argues that Hamilton County C.S.E.A. threatened him "with all these statutes that they call legal" and told him they would issues a warrant for his arrest and/or suspend his license if he failed to show up for court. Plaintiff alleges that "Magistrate Nicole Sanders put me in jail multiple times acting as Judge she denied every motion I tried to put in wouldn't let me speak to defend myself." (*Id.*) Defendant Davis allegedly falsified documents to build a case against Plaintiff and "didn't care if the address was wrong or mis-spelled names she just went along with the wrong doing." Finally, Plaintiff alleges that Defendant Weir "knowingly conspired" with other Defendants. (*Id.*)

Attached as an exhibit to the complaint is a Summons issued by the Hamilton County Juvenile Court to Tracy M. Oats (allegedly mailed to a wrong address) dated November 28, 2017. The summons is captioned "In Re: Keshia R Grant v. Trac**e**y **L** Oats" (emphasis added, denoting person Plaintiff alleges he does not know), and appears to direct Plaintiff to appear on January 22, 2018 to show cause why he should not be held in Contempt of Court for his failure to comply with a child support order. (Doc. 1-2 at 7). Also attached to Plaintiff's complaint is a Notice from the U.S. Department of the Treasury, Bureau of the Fiscal Service, which indicates that Plaintiff's payment from the Internal Revenue Service, issued on March 20, 2019, was reduced by $2908 based upon a child support debt owed by Plaintiff. (Doc. 1-2 at 6).

**B. Lack of Federal Jurisdiction and Other Grounds for Dismissal**

**1. No Federal Jurisdiction Over Child Support**

The entirety of Plaintiff's complaint pertains to domestic relations issues, which are within the exclusive jurisdiction of the states and fall outside the scope of federal jurisdiction. In general, Ohio juvenile courts retain exclusive jurisdiction over matters involving child custody and support. More than a century ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 10 S.Ct. 850, 853 (1890). Thus, under the *Burrus* abstention doctrine, federal courts have universally declined to exercise jurisdiction in domestic relations cases in which a complaint contains only conclusory assertions that a plaintiff is entitled to relief because of the state's constitutional violations, where those assertions are "a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 Fed. Appx. 615, 616 (6th Cir. 2002).

Although it is possible for federal jurisdiction to attach where a litigant presents an *independent* claim that challenges the constitutionality of a state official's action, *see Pittman v. Cuyahoga County Dep't of Children and Family Servs.*, 241 Fed. Appx. 285, 287-290 (6th Cir. 2007), multiple reasons counsel against the assumption of federal jurisdiction in this case. Numerous deficiencies in Plaintiff's complaint present an insurmountable barrier to jurisdiction. When similar claims have been presented, other federal courts have declined to exercise jurisdiction. *See, e.g., Aitken v. Child Support Enforcement Agency*, 2007 WL 963278 (N.D. Ohio, March 28, 2007) (dismissing under

28 U.S.C. §1915(e) plaintiff's due process claim based upon allegation that CSEA improperly awarded child support in his absence, when he could not attend hearing).

In short, this Court lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state courts. Plaintiff's conclusory references to violations of his civil rights are not sufficient—even if they did not also merit dismissal under Fed. R. Civ. P. 12(b)(6)—to grant federal jurisdiction. This Court cannot alter the state court's alimony and child support award or State laws and related regulations. *See generally Elk Grove United School Dist. v. Newdow,* 124 S.Ct. 2301, 2309 (2004) (Despite "rare instances in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue,... in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts."); *Ankenbrandt v. Richards*, 112 S. Ct. 2206 (1992) (narrowing the domestic relations exception, but affirming its continuing viability). Therefore, all claims that relate to or challenge any child support award should be dismissed for lack of subject matter jurisdiction. *Accord Wilder v. Swann*, 2011 WL 4860041 *4 (E.D. Tenn. Oct. 13, 2011) (dismissing *pro se* plaintiff's civil rights case for lack of subject matter jurisdiction, where it was clear that claims arose solely out of divorce and custody proceedings); *McGhan v. Kalkaska County Dep't of Human Servs.*, 2009 WL 2170151 *9 (W.D. Mich. July 20, 2009) ("the court lacks jurisdiction over any claim by plaintiff that she suffered injuries resulting from the decisions made by Michigan's courts in child custody proceedings."); *Denman v. Leedy*, 479 F.2d 1097, 1098 (6th Cir. 1973) (dismissing lawsuit for failure to state a claim where plaintiff filed suit against thirty-six defendants, including State and County officials and private individuals, over intrafamily custody battle); *see generally* 28 U.S.C.

6

§1257; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

## 2. Absolute and Qualified Immunity

To state a civil rights claim under 42 U.S.C. § 1983, plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See Hines v. Langhenry*, 462 Fed. Appx. 500, 503 (6th Cir. 2011) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)).

Plaintiff has failed to state any viable claim pursuant to 42 U.S.C. §1983 for multiple reasons. For example, the Eleventh Amendment prohibits a citizen of a state from suing that state or one of its agencies in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1 (1890). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts, *see Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir.1985); *State of Ohio v. Madeline Marie Nursing Homes,* 694 F.2d 499 (6th Cir.1982); *Latham v. Office of Atty. Gen. of State of Ohio,* 395 F.3d 261, 270 (6th Cir.2005), and Congress did not "explicitly and by clear language" express its intent to "abrogate the Eleventh Amendment immunity of the States" in enacting Section 1983. *See Quern v. Jordan,* 440 U.S. 332, 341-43 (1979). To the extent that Plaintiff seeks monetary damages against any state agency or entity, his claims are barred by the Eleventh Amendment. *See Cady v. Arenac County,* 574 F.3d 334, 352 (6th Cir. 2009) (Eleventh Amendment immunity bars § 1983 suits against a state, its agencies, and its officials sued in their official capacities).

7

To the extent that Plaintiff is seeking monetary damages against any officials in their individual capacities, they are presumed to be entitled to qualified immunity considering that none is alleged to have acted outside of his/her official roles.

### 3. Additional Grounds for Dismissal Under *Iqbal*

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff need only plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the Supreme Court has brought greater focus to that pleading standard, holding first in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007) that the "famous" no-set-of-facts formulation "has earned its retirement" and instituting a new standard that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face" *Id.* at 1974. In *Ashcraft v. Iqbal*, 129 S.Ct. 1937 (2009), the Supreme Court explained: "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949.

Under *Iqbal,* a trial court evaluating a complaint must cipher out "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" from legal conclusions that are supported by factual allegations. *Id.* The first step is to identify the elements of the plaintiff's claim, in order to determine which allegations are mere legal conclusions, as opposed to factual allegations entitled to the "assumption of truth." *Id.* at 1951 ("We begin...by identifying the allegations in the complaint that are not entitled to the assumption of truth"). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 127 S. Ct. at 1965. The complaint must contain

"either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) (internal quotation marks and additional citation omitted).

None of Plaintiff's allegations survive the *Twombly* and *Iqbal* pleading standards. Plaintiff has failed to state any claim against any Defendant, even when all allegations are construed in the light most favorable to Plaintiff. *Pro se* complaints are held to a less rigorous standard than those drafted by attorneys, but the court is not required to discover or create a claim that is not pleaded. *Williams v. Curtin,* 631 F.3d 380, 383 (6th Cir. 2011); *see also Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). A plaintiff is still required to plead more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949.

In this case, the allegations presented by Plaintiff are so unsubstantial as to fail to state a claim. To the extent that the allegations are liberally read, they concern matters over which this Court has no jurisdiction. *Accord McLaughlin v. Cotner*, 193 F.3d 410 (6th Cir. 1999) (affirming *sua sponte* dismissal of complaint involving domestic relations dispute for lack of subject matter jurisdiction).

### 4. *Heck v. Humphrey* Exception

To the extent that Plaintiff seeks to challenge any prior criminal convictions for non-payment of child support, or for contempt of court, he fails to state any claim that would be cognizable under 42 U.S.C. §1983. *See Heck v. Humphrey,* 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). In *Heck,* the Supreme Court held that a § 1983 civil rights action seeking money damages on the basis of an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the

9

conviction or sentence invalidated.  When a successful § 1983 damages action would necessarily imply that a prior sentence or conviction was invalid, the complaint must be dismissed unless the plaintiff can demonstrate that his conviction or sentence has been reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations or called into question by the issuance of a writ of habeas corpus. *Id.  See also Robinson v. State of Michigan*, 2009 WL 2567171 at *8 (holding that *Heck* bars both review of prior conviction for failure to pay child support and underlying challenge to continue to pay such support filed pursuant to §1983).  At the very least, Plaintiff may not use the instant lawsuit to challenge his prior convictions for nonpayment of child support.  *But see Wallace v. Kato*, 127 S. Ct. 1091 (2007) (rejecting notion that *Heck* also prohibits a civil action that would impugn an anticipated future criminal conviction).

### III. Conclusion and Recommendation

For the reasons stated, because this Court lacks jurisdiction over the construed complaint and because Plaintiff fails to state a claim against any Defendant, **IT IS RECOMMENDED THAT** this case be dismissed with prejudice and closed, pursuant to 28 U.S.C. §1915(e).

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

10

# UNTED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| TRACY OATS, | Case No. 1:19-cv-474 |
| Plaintiff, | |
| v. | Black, J.<br>Bowman, M.J. |
| HAMILTON COUNTY C.S.E.A., et al., | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).